UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:22-cv-2674-SDM-TGW
       8:12-cr-561-SDM-TGW

TAVIS TONEY
_____/

**<u>ORDER</u>**

Toney moves under 28 U.S.C. § 2255 to vacate his sentence and challenges the validity of only one of his federal convictions and sentences. Toney asserts entitlement to relief under *United States v. Taylor*, 142 S. Ct. 2015 (2022), which holds that attempted robbery under the Hobbs Act "does not qualify as a 'crime of violence'" under 18 U.S.C. § 924(c). The United States admits that Toney timely filed this action within one year of *Taylor* and that *Taylor* applies retroactively on collateral review. (Doc. 11 at 5)

Toney was charged with Hobbs Act robbery (count one); brandishing a firearm during and in relation to a crime of violence, specifically the robbery charged in the preceding count (count two); attempted Hobbs Act robbery (count three); discharging a firearm during and in relation to a crime of violence, specifically, the attempted robbery charged in the preceding count (count four); and possession of a firearm by a felon (count five). In accord with his plea agreement, Toney pleaded guilty and serves sentences for the brandishing and discharging counts (counts two

and four).  Because the sentence for discharging a firearm (count four) is based on an attempted Hobbs Act robbery, the United States stipulates (Doc. 11 at 6) that Toney is entitled to relief because under *Taylor* the conviction and sentence under count four is invalid.

Both Toney and the United States request a new sentencing hearing and the opportunity to present their respective positions on an appropriate sentence.  (Docs. 11 at 7–8 and 24 at 2)  This order resolves only the civil action; further argument about an appropriate sentence and subsequent proceedings must occur in the criminal action.

The motion under 28 U.S.C. § 2555(a) (Doc. 1) is **GRANTED**.  The clerk must (1) enter a judgment for Toney in the civil action, (2) close the civil case, and (3) docket this order in the criminal action for an appropriate remedy under Section 2255(b).  The federal defender must continue to represent Toney in the criminal action.  All further proceedings will occur in the criminal action.

ORDERED in Tampa, Florida, on August 4, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE